1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENA E. STARKS,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　　　）　　　Case No. 2:13-cv-00188-MMD-CWH
　　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　　　）　　**ORDER AND FINDINGS AND**
　　　　　　　　　　　　　　　　　）　　**RECOMMENDATION**
BERT BARBER, *et al.*,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Defendants.　　　　　　　）
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿）

　　　　This matter is before the Court on Plaintiff's Second Motion/Application to Proceed *in forma pauperis* (#3) and Plaintiff's Third Motion/Application to Proceed *in forma pauperis* (#4), both filed on February 11, 2013.  The Court also considered Plaintiff's Explanation of Naming the Defendants (#5), Apology and Request to Proceed Without Paying Fees (#6), Notice of Manual Filing (#7), and Affidavit of Fact from Witness Reverend Allen J. Watkins (#8), all filed on February 11, 2013.[1]  In addition, subsequent to the consolidation of Case Number 2:13-cv-00410-JCM-CWH pursuant to the Court's Order #11 on March 14, 2013, additional motions were added to this case.  Therefore, the Court also considered Plaintiff's Motion to Move for Judgment and Damages Against All Defendants Expeditiously (#14), Motion to Determine Ethics and Fine Expeditiously (#15), Motion to Move Forward on Original Complaint (#16), Motion to Add Homeowners Association as Defendants (#17), and Motion to Evict and Lock Out and Permission to Inspect (#18), all filed on March 18, 2013.

---

[1] The Court notes that on February 13, 2013, the Court issued an Order instructing Plaintiff that a document requesting a Court order must be styled as a motion, not a letter.  *See* Order #9.  Therefore, the Court disregarded Plaintiff's Explanation of Naming the Defendants (#5) and Apology and Request to Proceed Without Paying Fees (#6) in accordance with Fed. R. Civ. Pro. 7.  However, it construes Plaintiff's Notice of Manual Filing (#7) and Affidavit of Fact (#8) to be supplements to Plaintiff's Third Motion/Application to Proceed *in Forma Pauperis* (#4).

I.     ***In Forma Pauperis* Application**

Pursuant to 28 U.S.C. § 1915(a), a filing fee of $350.00 is required to commence a civil action in federal district court.  The court may only authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs.  28 U.S.C. § 1915(a)(1).  This Court's Local Rules provide that "[a]ny person, who is unable to prepay the fee in a civil case, may apply to the Court for authority to proceed *in forma pauperis*.  The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities."  LSR 1-1.

On February 6, 2012, the Court denied Plaintiff's First Motion/Application for Leave to Proceed *in forma pauperis* due to her incomplete application.  *See* Order #2.  Plaintiff submitted a Second and Third Application with additional information related to question three.  In both Applications, Plaintiff indicates that she receives support in the form of Social Security and Pension from her husband totaling approximately $1,966.  Plaintiff indicates monthly expenses of approximately $1,459 and some medical debt of $3,500.  Based on this information, the Court finds that Plaintiff's income is sufficient to pay the filing fee in this case.  *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

Plaintiff's income and other assets exceed her monthly expenses.  Accordingly, the Court

finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and she is able to pay the costs of commencing this action. Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. Additionally, Plaintiff's Motions #14-18 are premature as no complaint has been filed in this action and fail to comply with Local Rule 7-2 in providing points and authorities for the relief requested. The Court will deny these motions without prejudice to give Plaintiff an opportunity to re-file, if necessary and compliant with Local Rule 7-2, after the filing fee has been paid.

Based on the foregoing and good cause appearing therefore,

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Move for Judgment and Damages Against All Defendants Expeditiously (#14), Motion to Determine Ethics and Fine Expeditiously (#15), Motion to Move Forward on Original Complaint (#16), Motion to Add Homeowners Association as Defendants (#17), and Motion to Evict and Lock Out and Permission to Inspect (#18) are **denied without prejudice**.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Second and Third Motion/Application to Proceed *in Forma Pauperis* (#3-4) be **DENIED**. Plaintiff should be required to pay the filing fee of $350.00 within thirty days from the date that an Order denying Plaintiff's Applications is entered. Failure to comply with that Order will result in the Court recommending dismissal of this action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of March, 2013.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4